Sam Weinshenker, Defendant in Error, v. Elias Epstein, Plaintiff in Error.

Gen. No. 16,766.

BROKER—*license.* A real estate broker who has not taken out a license as required by a city ordinance cannot recover commissions

for sale of defendant's real estate although employed by a corporation licensed as a broker.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. COTTRELL, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed December 30, 1912.

PETER SISSMAN, for plaintiff in error.

NICOLAS J. PRITZKER, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an action of the fourth class brought by defendant in error in the municipal court against plaintiff in error to recover commissions claimed to have been earned by plaintiff as broker, for the sale of certain real estate of defendant. An ordinance of the City of Chicago makes it unlawful for any person to exercise within the city the business of a real estate broker without taking out a license, and it is settled law that such broker cannot recover commissions unless he had a license when the sale was made. The ordinance only applies to persons who make the negotiation of sales of real estate a business or occupation, and not to one who is not in the business, but negotiates a single sale. O'Neill v. Sinclair, 153 Ill. 525. The sale for which commissions were claimed was negotiated December 6, 1909. In answer to the interrogatory propounded to him, "What is your business," plaintiff answered, May 2, 1910, "Real estate broker." On this trial the interrogatory and answer were put in evidence and plaintiff testified, "I am with C. E. Eulette & Company." He further testified that he had half a dozen customers for defendant's property, and showed it to about ten people before the contract was signed. It also appeared that defendant bought the property through plaintiff's office, and that his office was at 167 Dearborn Street. The ordinance further provides that any person employed by a person or corporation licensed as a broker who shall him-

self engage in the business or act in the capacity of a broker, shall, notwithstanding the fact of such employment, be amenable to the provisions of the ordinance and shall be required to take out a broker's license. It was admitted by plaintiff's attorney on the trial that no license ever issued to plaintiff individually. We think that it clearly appears from the evidence that plaintiff was engaged in the business of a real estate broker when he negotiated the sale in question, and that he in that capacity negotiated the sale for which he recovered commissions.

It follows from what has been said that in our opinion the plaintiff was not entitled to recover from the defendant and the finding and judgment should have been for the defendant.

The judgment of the municipal court will therefore be reversed

*Reversed.*